**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ROBERT THOMPSON,**<br>**Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-767** |
| **JOHN W. STONE OIL DISTRIBUTOR, LLC,**<br>**Defendant** | **SECTION "E"** |

## ORDER AND REASONS

Before the Court are the following motions: (1) plaintiff Robert Thompson's ("Thompson") motion to certify this case as a collective action under the Fair Labor Standards Act ("FLSA");[1] (2) defendant John W. Stone Oil Distributor, LLC's ("Stone Oil") motion for summary judgment;[2] (3) Stone Oil's Rule 26(c) motion for protective order granting a temporary stay of discovery and of Thompson's motion to certify;[3] and (4) Thompson's Rule 56(d) motion to continue Stone Oil's motion for summary judgment.[4] For the reasons set forth below, Thompson's 56(d) motion is granted, Stone Oil's Rule 26(c) motion to stay is granted in part and denied in part, Stone Oil's motion for summary judgment is deferred, and Thompson's motion to certify is deferred.

---

[1] R. Doc. 14.

[2] R. Doc. 59. *See also* R. Doc. 63 (Thompson's opposition to Stone Oil's motion for summary judgment); R. Doc. 67 (Stone Oil's reply in further support of its motion for summary judgment); R. Doc. 75 (Thompson's supplemental memorandum in further opposition to Stone Oil's motion for summary judgment and motion to stay); R. Doc. 77 (Stone Oil's supplemental memorandum in further support of its motion for summary judgment and motion to stay); R. Doc. 81 (Thompson's supplemental memorandum in further opposition to Stone Oil's motion for summary judgment).

[3] R. Doc. 58. *See also* R. Doc. 61 (Thompson's opposition to Stone Oil's motion to stay); R. Doc. 69 (Stone Oil's reply in further support of its motion to stay and opposition to Thompson's Rule 56(d) motion to continue); R. Doc. 75; R. Doc. 77; and R. Doc. 81.

[4] R. Doc. 62.

Thompson, on behalf of a putative class of fellow former Stone Oil tankermen, is suing Stone Oil for failing to pay overtime under the FLSA.[5] *See* 29 U.S.C. § 201 *et seq*. In Stone Oil's answer, opposition to Thompson's motion to certify this action as a FLSA collective action, and motion for summary judgment, Stone Oil argues that because Thompson was classified as a seaman during his time with Stone Oil, the FLSA's overtime requirements do not apply.[6] *See* 29 U.S.C. § 213(b)(6) (FLSA's overtime requirements do not apply with respect to "any employee employed as a seaman"). Stone Oil seeks a protective order, pursuant to Rule 26(c), granting a temporary stay of discovery and staying this Court's consideration of Thompson's motion to certify the class until Stone Oil's motion for summary judgment is resolved. *See* FED. R. CIV. P. 26(c). Thompson argues that Stone Oil's motion for summary judgment is premature because the issue of seaman status for FLSA purposes is fact-intensive and discovery is necessary before Thompson can adequately respond to Stone Oil's motion for summary judgment.

Under Rule 56(d) of the Federal Rules of Civil Procedure,[7] if a party opposing a motion for summary judgment shows, by way of affidavit or declaration, that for some specific reason it cannot present facts essential to justify its opposition, the Court may defer consideration of the summary judgment motion, deny it, allow time for the non-moving party to obtain affidavits or declarations or to take discovery, or issue any other appropriate

---

[5] *See* R. Doc. 1 (Complaint); R. Doc. 14.

[6] *See* R. Doc. 18; R. Doc. 23; R. Doc. 63.

[7] On December 1, 2010, the provisions of former subdivision (f) of Rule 56 were carried forward, without substantial change, to subdivision (d). Accordingly, while case law prior to this change references Rule 56(f) instead of Rule 56(d), those pre-2010 cases still hold precedential and persuasive value and are fully applicable to this case.

order. Fed. R. Civ. P. 56(d). The Rule is "designed to safeguard against a premature or improvident grant of summary judgment." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990). Rule 56(d) motions are "generally favored, and should be liberally granted." *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534 (5th Cir. 1999) (citing *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991)).

"[T]o justify a continuance, the [Rule 56(d)] motion must demonstrate (1) why the movant needs additional discovery, and (2) how the additional discovery will likely create a genuine issue of material fact." *Stearns Airport Equip.*, 170 F.3d at 534–35 (citing *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir.1993)). The party seeking continuance under Rule 56(d) "must be able to demonstrate how postponement and additional discovery will allow him to defeat summary judgment; it is not enough to 'rely on vague assertions that discovery will produce needed, but unspecified, facts.' " *Id.* at 535 (quoting *Washington*, 901 F.2d at 1285). A party is not entitled to a Rule 56(d) continuance if he has not diligently pursued discovery. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit,* 28 F.3d 1388, 1397 (5th Cir. 1994).

Thompson has satisfied both the technical and substantive requirements for a continuance under Rule 56(d). Despite Stone Oil's arguments to the contrary, the issue of whether Thompson should be classified as a seaman during his employment with Stone Oil is fact-intensive, and Thompson has satisfied his burden of explaining which specific facts he will seek through discovery, why he should be allowed to conduct further discovery, and how that discovery will likely produce an issue of material fact. Thompson argues that discovery is necessary to determine whether he spent a "substantial" amount of his working hours (i.e. more than 20%) at Stone Oil performing "non-seaman's" work. *See* 29 C.F.R.

§ 783.36. If Thompson can prove that he spent more than 20% of his time at Stone Oil performing non-seaman's work, the FLSA's seaman exemption would not apply. *See Martin v. Bedell*, 955 F.2d 1029, 1035-36 (5th Cir. 1992).

Stone Oil argues that its motion for summary judgment is on the narrow issue of whether Thompson's "vessel-based tankering duties" were those of a seaman, and the Court should not consider the 20 % rule unless Thompson can prove that he performed at least some duties that were not those of a seaman.[8] While the issue of whether vessel-based tankering duties is seaman's work may turn on a legal determination, it is in the Court's discretion to order further discovery on the underlying factual issues that will allow it to resolve the legal question of seaman status. *See Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir.1992) (decision to grant or deny a Rule 56(d) motion is discretionary); *see also McLaughlin v. Boston Harbor Cruise Lines, Inc.*, 419 F.3d 47, 51-52 (1st Cir. 2005) ("The statute, the regulations, and the case law . . . outline an approach [to determining seaman status for FLSA purposes] that is quite fact-intensive"); *accord McDermott Int'l, Inc. v. Wilander,* 498 U.S. 337, 356 (1991) ("The inquiry into seaman status is of necessity fact specific; it will depend on the nature of the vessel and the employee's precise relation to it.") Thompson's status may be an issue that will be decided on summary judgment at some point in the future, but because so little discovery has been conducted at this point, and Thompson has requested information that will assist the Court in its determination (i.e. job descriptions, vessel logs, etc.), the Court finds that it would be

---

[8] Stone Oil also argues that Thompson's attorney's declaration attached to his Rule 56(d) motion is insufficient to meet the technical requirements of Rule 56(d). The Court rejects this argument. Thompson's attorney's declaration states discovery will be necessary to respond to Stone Oil's motion for summary judgment for the reasons stated in the Rule 56(d) motion. This is sufficient.

improvident to decide the summary judgment at this time. *See Washington*, 901 F.2d at 1285.

Finally, there is no indication that Thompson has been anything but diligent in his pursuant of discovery in this case, and Stone Oil's pending motion for a stay of discovery appears to be hampering the parties' ability to exchange meaningful discovery. Because the issue of seaman status for FLSA purposes is fact-intensive, and very little discovery has been exchanged in this case, this Court finds that Stone Oil's motion for summary judgment is premature at this time. Likewise, the Court finds that Thompson has met his burden of establishing a need for a Rule 56(d) continuance of that summary judgment motion.

Accordingly, **IT IS ORDERED** that Thompson's Rule 56(d) motion be and hereby is **GRANTED.**

**IT IS FURTHER ORDERED** that Stone Oil's motion for summary judgment be and hereby is **DEFERRED.**

**IT IS FURTHER ORDERED** that the parties shall contact the chambers of the assigned Magistrate Judge within **seven (7) days** of the entry of this Order to schedule a conference within the next **twenty-one (21) days** to establish a discovery plan on the issue of whether Thompson performed a "substantial amount" of non-seaman's work while employed at Stone Oil or whether he should be classified as a seaman exempt from the FLSA's overtime requirements pursuant to 29 U.S.C. § 213(b)(6). This initial phase of discovery must be tailored to this issue only, and shall focus only on Thompson's status. The discovery plan should also establish a deadline for Stone Oil to re-urge its motion for summary judgment.

Because it is not yet clear whether Thompson is entitled to the protections of the

FLSA, it is unclear whether he will be able to serve as lead plaintiff in a FLSA collective action. *See* 29 U.S.C. 216(b); *see also* FED. R. CIV. P. 23(a). In the interest of fairness and judicial economy, the Court finds it must resolve the issue of Thompson's entitlement to the protections of the FLSA before it can resolve any class-wide issues, including the motion to certify this case as a FLSA collective action.

Accordingly, **IT IS FURTHER ORDERED** that Stone Oil's motion for temporary stay be and hereby is **GRANTED IN PART,** with respect to issues of class certification, and **DENIED IN PART**, with respect to issues of discovery as they relate to Thompson's seaman status for FLSA purposes.

**IT IS FURTHER ORDERED** that Thompson's motion to certify this case as a FLSA collective action be and hereby is **DEFERRED.**

In the event that Stone Oil re-urges its motion for summary judgment on Thompson's status for FLSA purposes by the date set by the Magistrate Judge, but the Court denies the motion, Thompson is free to re-urge his motion to certify no later than **thirty (30) days** after the Court's resolution of the motion for summary judgment. In the event that Stone Oil does not re-urge its motion for summary judgment by the date set by the Magistrate Judge, counsel for Thompson shall file a motion for leave to re-urge his motion to certify no later than **thirty (30) days** thereafter.

**New Orleans, Louisiana, this** 24th **day of January, 2013.**

Susie Morgan

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

Court to Notify:
Magistrate Judge Joseph Wilkinson, Jr.