UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT THOMPSON | CIVIL ACTION |
| VERSUS | NO. 12-767 |
| JOHN W. STONE OIL DISTRIBUTOR, LLC | SECTION "E" (2) |

**ORDER ON MOTION**

APPEARANCES: None (on the briefs)

MOTION: Plaintiff's Motion to Compel Discovery, Record Doc. No. 85

O R D E R E D:

XXX : GRANTED IN PART AND DENIED IN PART. Plaintiff argues that defendant has waived all objections to the subject discovery by its failure to provide timely written responses. Generally, failure to provide written answers to interrogatories waives all objections to the interrogatories, unless the court excuses the failure for good cause. Fed. R. Civ. P. 33(b)(4). In addition, failure to provide specific written responses to requests for production within the time period established by Fed. R. Civ. P. 34(b) generally results in the waiver of objections to the requests. See Poulos v. Naas Foods, Inc., 959 F.2d 69, 74 (7th Cir. 1992) (party "waived any objection to production by failing to object when disclosure was due"); Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 10, 12-13 (1st Cir. 1991) (objections to requests for production were waived by failure to make timely objections); McLeod, Alexander, Powell & Apffel v. Quarles, 894 F.2d 1482, 1484 (5th Cir. 1990) (vague objections lacking in specificity held invalid); In re United States, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); accord Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc., 236 F.R.D. 396, 398 (N.D. Ill. 2006); Brown-Stahlman v. Charter Trust Co., No. 04-CV-322-SM, 2006 WL 680874, at *1 (D.N.H. Mar. 16, 2006); Banks v. Office of Senate Sgt.-at-Arms, 222 F.R.D. 7, 21 (D.D.C. 2004).

Of course, in some circumstances, the court retains discretion to decline to find waiver of objections, even if a timely objection has not been made. Fifty-Six Hope Road Music, Ltd. v. Mayah Collections, Inc., No. 2:05-cv-01059-KJD-GWF, 2007 WL 1726558, at *4 (D. Nev. June 11, 2007); Lucero v. Martinez, No. 03-1128 JB/DJS, 2006 WL 1304945, at *2 (D.N.M. Mar. 11, 2006); Kolenc v. Bellizzi, No. 95 CIV. 4494, 1999

WL 92604, at *3 (S.D.N.Y. Feb. 22, 1999); see also Young v. United States, 149 F.R.D. 199, 206 (S.D. Cal. 1993) (no waiver in light of "relatively short tardiness").

Under these circumstances outlined in defendant's opposition memorandum, including the disruptions – including closure of this court – caused by Hurricane Isaac, the pendency of defendant's motion to stay, and Judge Morgan's order limiting the scope of discovery, I decline to find that defendant has waived its objections to the subject discovery. Accordingly, I will address the discovery requests which plaintiff has made the subject of this motion. See Record Doc. No. 85-2, p.2 n.2 (excluding identified requests from this motion).

The motion is denied insofar as it seeks responsive information or materials for the overly broad time period 1997 to the present, as provided in plaintiff's "instructions" to defendant accompanying this discovery. Record Doc. No. 88-1 at p. 6. **IT IS ORDERED** that responses to all discovery that is the subject of this order are limited to the time period 2008 (one year before the period of work apparently at issue) to the present.

The motion is denied as to Interrogatories Nos. 2, 3 and 5, which exceed the limitation on the scope of discovery imposed in Judge Morgan's order, which restricts discovery at this time to "the issue of whether Thompson performed a 'substantial amount' of non-seaman's work while employed at Stone Oil or whether he should be classified as a seaman exempt from the FLSA's overtime requirements pursuant to 29 U.S.C. 213(b)(6)." Record Doc. No. 82 at p. 5. (emphasis added).

The motion is granted as to Interrogatory No. 4, and all objections are overruled.

The motion is granted as to Interrogatory No. 6. All objections are overruled. The responsive information provided in the written response is limited to the existence of documents, while the interrogatory itself seeks identifying information. An answer to this interrogatory providing the requested information, not limited to whether defendant "has . . . responsive documents in the FLSA context," Record Doc. No. 85-5 at p. 20 (answer to Interrogatory No.6), must be provided.

The motion is denied as to Requests for Productions Nos. 1, 3, 4, 8, 15, 20, 21, 22, 23, 25, 26, 29, 30, 33, 34, which exceed the limitation imposed on the scope of discovery at this time by Judge Morgan's order.

The motion is granted as to Requests for Production Nos. 2, 9, 12. 13, 14, 16, 19, 27, 32 and 38. All objections are overruled. Defendant must provide new written responses to these requests, clearly stating either that all responsive materials have been produced or that no responsive materials are in its possession, custody or control.

The motion is granted in part and denied in part as to Request for Production No. 5. The motion is granted in part in that any non-privileged requested materials depicting plaintiff at work for defendant must be produced. As to any such materials that defendant claims are protected from discovery by any privilege or the work product

doctrine, defendant must provide the log required by Fed. R. Civ. P. 26(b)(5). The motion is denied insofar as it may seek production of any broader category of materials.

The motion is granted in part and denied in part as to Requests for Production Nos. 7 and 11. Judge Morgan's order restricts discovery to Thompson at this time and does not permit discovery as to the members of the putative class. Thus, the motion is granted in part insofar as it seeks materials responsive to these requests concerning Thompson, but is denied insofar as it relates to members of the putative class as a whole.

In addition, the copy of defendant's answers to interrogatories provided to me in connection with this motion does not include the verification, sworn under oath by a suitable representative of defendant, as required by Fed. R. Civ. P. 33(b)(1), (3) and (5) and/or objections. The required verification must be provided.

The motion is denied insofar as it seeks an award of fees and expenses. The motion has been granted in part and denied in part. Under the circumstances, I find that a reasonable apportionment of expenses incurred in connection with this motion is that each party should bear its own. Fed. R. Civ. P. 37(a)(5)(C).

**IT IS ORDERED** that all supplemental or new written responses, together with the production of additional responsive materials, if any, and the required verification of interrogatory answers, must be provided by defendant to plaintiff no later than **February 28, 2013**.

New Orleans, Louisiana, this 21st day of February, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE